# Central Railroad & Banking Co. *v.* Lee.

## *Action for Damages for Killing Cow.*

1. *Injuries to stock by railroad train; duty of engineer to maintain look-out.*—In an action against a railroad company for damages for killing a cow, the killing by the defendant's train being proved, it is not only incumbent on the defendant to prove that it did all in its power to avert the accident after the cow was discovered on the track, but it must also show that it was maintaining a careful and prudent look-out, and that, in the maintenance of such look-out, the cow could not have been sooner discovered.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by C. C. Lee, against the appellant corporation, the Central Railroad and Banking Company of Georgia, to recover damages for a cow which was killed by one of the defendant's trains. The bill of exceptions purports to set out all the evidence. The defendant requested the following charge in writing, and duly excepted to its refusal: "If the jury believe the evidence they must find for defendant." The refusal of this charge is the only matter assigned as error.

ROQUEMORE, WHITE & McKENZIE, for appellant.

JERE. N. WILLIAMS, *contra.*

STONE, C. J.—The only testimony introduced on the trial, so far as is shown by the bill of exceptions, that had any reference to the circumstances of the accident by which plaintiff's cow was injured, was that disclosed in the deposition of the engineer who had charge of the engine at the time of the accident. This evidence showed that the engineer performed all the duties required by law of him, after he discovered the cow on the track. But there is no evidence that he could not have discovered the cow if he had been maintaining a careful and prudent look-out. After the proof of the accident, it was not only incumbent on the railroad company to prove that it did all in its power to avert the accident, but it must also show that it was maintaining

[Goodwin v. Central R. R. & Banking Co.]

a careful and prudent look-out, and that in the maintenance of such look-out the cow could not have been sooner discovered." As was said in *Louisville & Nashville R. R. Co. v. Posey, ante* p. 262, decided at the present term: "The duty to take precautions against inflicting injuries arises not only when the engineer of the moving train sees the animal on the track, or in dangerous proximity thereto, but also when by the exercise of due diligence he might have seen it. A failure in either of these respects is negligence."—*Kansas City, Memphis & Birmingham R. R. Co. v. Watson*, 91 Ala. 483 ; *East Tenn., Va. & Ga. R. R. Co. v. Bayliss*, 77 Ala. 435. By the failure of the railroad company to prove that it did observe this diligence in maintaining the look-out required, the defendant does not meet the burden of proof imposed upon it by the statute, and hence the general affirmative charge for the defendant should not have been given.—*L. & N. R. R. Co. v. Posey, ante* p. 262.

Affirmed.